

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*　　*973-645-2700*
*Newark, New Jersey 07102*

July 24, 2025

Honorable Edward S. Kiel
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re:　<u>United States v. Julien Giraud Jr., Crim. No. 24-768</u>

Dear Judge Kiel:

  Trial in this case is scheduled to begin on August 4, 2025. The United States respectfully submits this letter to request that, prior to the commencement of trial, the Court conduct an inquiry pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012).

  *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance of counsel under the Sixth Amendment. And before *Frye*, controlling precedent in this Circuit held that a failure to advise a defendant that he/she had the option of pleading "open" (that is, without the benefit of a plea agreement) to the charges in the indictment also can qualify as ineffective assistance of counsel. *See United States v. Booth*, 432 F.3d 452 (3d Cir. 2005). Recognizing that precedents like these could create an opportunity for defendants to manipulate the process, the Supreme Court suggested that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding *or before a trial on the merits*, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id*. at 146 (emphasis added).

In this case, the Government has extended four formal plea offers to the Defendant. The first plea offer to the Defendant was tendered by letter dated March 5, 2024, which was transmitted to Defendant's prior counsel, Hassen Abdellah, Esq., on or about that same date. That plea agreement expired on March 15, 2024. The second plea offer to the Defendant was made by letter dated August 5, 2024, which was transmitted to Mr. Abdellah on or about that same date. That plea agreement expired on August 8, 2024. On November 26, 2024, the Defendant's current counsel, Thomas S. Mirigliano, Esq. noticed his appearance. Shortly thereafter, the Government indicated to Mr. Mirigliano that both the March 5, 2024 and the August 5, 2024 plea offers remained available for the Defendant to accept. The third plea offer to the Defendant was conveyed verbally by telephone to Mr. Mirigliano on July 15, 2025. Mr. Mirigliano informed the Government by telephone that the Defendant rejected the plea offer. The fourth plea offer to the Defendant was made verbally by telephone to Mr. Mirigliano on July 18, 2025. Mr. Mirigliano has since informed the Government via text message that the Defendant has rejected the plea.

In light of the Supreme Court's decision in *Frye* and the Third Circuit's decision in *Booth*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the defendant from later claiming that his/her counsel failed to convey and advise him/her about this [these] plea offer[s] or failed to explain that the defendant could, if he/she chose, plead guilty without the benefit of a plea agreement, and to make a sufficient record that counsel fulfilled those obligations. But to ensure compliance with the prohibition against judicial involvement in plea negotiations, Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offer.

Instead, the Government suggests that it state on the record that it sent formal plea offers to defense counsel and/or predecessor counsel by letters dated March 5, 2024 and August 5, 2024, after which the Court would ask defense counsel the following questions:

1. Did you receive a proposed plea agreement dated March 5, 2024?

2. Did you receive a proposed plea agreement dated August 5, 2024?

3. Did you receive a verbally proposed plea agreement on July 15, 2025?

4. Did you receive a verbally proposed plea agreement on July 18, 2025?

5. Did you provide a copy of each of the two proposed written plea agreement to your client?

- 2 -

6. Did you explain the terms of the two verbally proposed plea agreements to your client?

7. Did you review each proposed plea agreement with your client prior to the expiration date of the plea offer?

8. Did you have a sufficient opportunity to discuss each proposed plea agreement with your client?

9. Did your client reject each proposed plea agreement?

10. Did you also inform your client that, any time before the verdict, he can plead guilty to every count in the Indictment without any plea agreement with the Government?

If defense counsel answers "yes" to all of those questions, the Government suggests that the Court address the Defendant as follows: I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question—nothing more.

1. Did you receive a written proposed plea agreement dated March 5, 2024?

2. Did you receive a written proposed plea agreement dated August 5, 2024?

3. Did your attorney advise you of a verbally proposed plea agreement offered by the Government on July 15, 2025?

4. Did your attorney advise you of a verbally proposed plea agreement offered by the Government on July 18, 2025?

5. Did you have a sufficient opportunity to consult with your attorneys about each proposed plea agreement?

6. Do you understand that it is exclusively your decision whether to accept or

reject each proposed plea agreement, but that you should make that decision in consultation with your attorney?

7. Did you, in fact, reject each proposed plea agreement?

8. Do you also understand that, any time before the verdict, you can plead guilty to every count in the Indictment without any plea agreement with the Government?

The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* or *Booth* problems without compromising or intruding upon the attorney-client relationship.

Respectfully submitted,

ALINA HABBA
United States Attorney

*Alison Thompson*

By: Alison Thompson
Rachelle Navarro
Assistant United States Attorneys

- 4 -