

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Alison Thompson*
*Rachelle M. Navarro*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (973) 645-2700*

July 25, 2025

**VIA ECF & E-MAIL**

The Honorable Edward S. Kiel
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> Re:  ***United States v. Julien Giraud Jr.***
> <u>**Crim. No. 24-768**</u>

Dear Judge Kiel:

We submit the following supplemental motion *in limine* seeking rulings prior to trial, which is currently scheduled for August 4, 2025.[1] This supplemental motion is necessitated by the fact that after the Government filed its original motions *in limine*, co-defendant Julian Giraud III indicated that he will be pleading guilty to Count Three of the Indictment and will not be a defendant at trial.[2]

**The Government seeks a pretrial ruling from the Court to admit limited evidence about Julian Giraud III and the attic bedroom at 30 Elm Place.** The Government intends to elicit testimony from law enforcement witnesses to testify that (i) law enforcement received a tip about an individual selling marijuana to students and the phone number that individual was using; (ii) law enforcement set up an undercover controlled purchase of narcotics from the individual using that phone number; (iii) an individual showed up to the controlled purchase; (iv) that individual was arrested and determined to be Giraud III; (v) Giraud III is Julien Giraud Jr.'s son; (vi) in the course of the arrest, law enforcement learned that Giraud III resided at 30 Elm Place in Irvington; (vii) the attic bedroom at 30 Elm Place contained documents bearing the name of Giraud III; and (viii) marijuana and an

---

[1] The Government submits this supplemental motion pursuant to its Motion No. 7 that it be permitted to do so.  The Defendant has indicated no objection to supplemental motions providing that he be permitted the same right.  Def. Opp. at 8.

[2] The Court has scheduled Giraud III's plea hearing for July 28, 2025, at 10:00 a.m.

assault rifle were recovered from the attic bedroom at 30 Elm Place. The Government also intends to present evidence that different drugs—fentanyl and cocaine— as well as a firearm and ammunition not matching the caliber of that assault rifle were found in another locked bedroom in the Elm Place Residence.

Generally, for evidence to be admissible, it must be relevant to a fact of consequence. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The limited testimony about Julien Giraud III and the attic bedroom that the Government seeks to admit is relevant. As an initial matter, the evidence about Julien Giraud III completes the narrative for the jury as to why law enforcement commenced an investigation that ultimately led them to the Elm Place Residence. Additionally, and more importantly, the Government anticipates that the key issue in this case will be possession—i.e., did Defendant Giraud Jr. maintain possession (actual or constructive) over the drugs and loaded firearm that were recovered in the locked bedroom at 30 Elm Place? As such, the Government anticipates that anyone else who had access to the house, and specifically maintained control over that locked bedroom, will be a central focus at the trial. *See United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) ("Constructive possession may be proved by circumstantial evidence.").

To that end, the evidence that someone else—specifically, Giraud III—had access to the Elm Place Residence, and such access was limited to another bedroom other than the locked bedroom, is highly relevant. *See United States v. Jenkins*, 90 F.3d 814, (3d Cir. 1996) (recognizing in its prior decision in *United States v. Brown*, 3 F.3d 673, 683 3d Cir. 1993, the relevancy of evidence that two other residents of a home may be the possessor of contraband in considering an appeal of sufficiency of evidence). Accordingly, the facts that (1) the same type of drugs (*i.e.* marijuana) that Giraud III was arrested with were also found in another bedroom, (2) it was found along with an assault rifle that does not match the caliber of the ammunition found in the locked bedroom, and (3) documents bearing Giraud III's name were found in the attic bedroom, are all relevant to proving that Giraud III did not have possession over the locked bedroom. In other words, the Government submits that proving that Giraud III is ***not*** the possessor of the locked bedroom is relevant and intrinsic to proving that Giraud Jr. is. And, because this evidence would not unfairly prejudice Julien Giraud Jr., it should not be excluded pursuant to Rule 403.

(continued on next page)

Respectfully submitted,

ALINA HABBA
Acting United States Attorney

By:  _____
Alison Thompson
Rachelle M. Navarro
Assistant United States Attorneys

cc:    Thomas S. Mirigliano, Esq., *Counsel for Julien Giraud Jr.*