UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIEN GIRAUD JR. and<br>JULIEN GIRAUD III,<br>　　　　Defendants | Crim. No. 24-768 (MWB) |

**SUR-REPLY FURTHER OPPOSING MOTION TO DISMISS THE INDICTMENT OR
BAR THE UNITED STATES ATTORNEY'S OFFICE FROM PROSECUTING THIS CASE**

The Girauds are not entitled to the relief they seek because, at bottom, this is a dispute over titles, not authority. There is no question that the Attorney General has authority to prosecute the Girauds for their crimes, nor have the defendants argued otherwise. And there can be no question that the Attorney General expressly delegated that authority to Ms. Habba in her capacity as a Special Attorney (which expressly authorizes her to conduct any proceedings that a United States Attorney could prosecute) and also expressly designated her as the First Assistant United States Attorney of the District of New Jersey (which expressly authorizes her to supervise the work of subordinate AUSAs in the office). Importantly, *none* of those grants of authority depends on whether Ms. Habba may serve as the Acting United States Attorney, because they all flow directly from the Attorney General's own authority to conduct and supervise the work of the U.S. Attorney's Office, wholly apart from whether there is any United States Attorney *at all*.

The Attorney General's authority has also been delegated to the Assistant United States Attorneys in the District of New Jersey, who likewise have ample power to prosecute the Girauds and others for their crimes, subject to the supervision of Ms. Habba, the Attorney General, and myriad other officials in the Department of Justice. Accordingly, the USAO-NJ, and Ms. Habba specifically, have all the authority they need to carry out this prosecution on behalf of the United States.

As the government argued in its response to the Girauds' motion to dismiss, Ms. Habba *also* has statutory authority to prosecute the Girauds by virtue of her service as Acting United States Attorney, a position she acquired under the Federal Vacancies Reform Act (FVRA) upon the withdrawal of her U.S. Attorney nomination and her designation as First Assistant. But even if that were incorrect, the Girauds are not entitled to dismissal of their indictments or an injunction barring Ms. Habba or any AUSA in the District of New Jersey from prosecuting them for their crimes.

**A.     The Attorney General has statutory authority to prosecute federal crimes, and the U.S. Attorney's Office can validly exercise that authority even without an Acting U.S. Attorney.**

As we previously explained, the Attorney General is the "head of the Department of Justice," 28 U.S.C. § 503, and (with narrow exceptions not relevant here) is vested with "[a]ll functions" of the Department of Justice, *id.* § 509. Congress expressly vested the Attorney General with broad authority to conduct and supervise litigation on behalf of the United States. *Id.* §§ 515–19. Congress also established the offices of the United States Attorneys and vested them with the authority to "prosecute for all offenses against the United States" in their districts, "[e]xcept as otherwise provided by law." *Id.* § 547(1).

– 2 –

The prosecutorial authority of United States Attorneys is not exclusive. It is also vested in the Attorney General and is subject to the Attorney General's supervision no matter who exercises it. Specifically, § 509 provides that "[a]ll functions of other officers of the Department of Justice ... are vested in the Attorney General," including United States Attorneys' prosecutorial authority. 28 U.S.C. § 509. Section 515 also expressly provides that the Attorney General may herself "conduct any kind of legal proceeding, civil or criminal ... which United States attorneys are authorized by law to conduct," and that she may "specifically direct[]" any DOJ officer or other "attorney specially appointed" by her to conduct such proceedings. *Id.* § 515(a). More generally, Congress also provided that the Attorney General may direct any DOJ officer to "conduct and argue any case in a court of the United States in which the United States is interested," *id.* § 518(b), and that the Attorney General may delegate any of her functions to any DOJ officer or employee, *id.* § 510.

Congress also has vested the Attorney General with plenary authority to direct and supervise all litigation conducted by United States Attorneys. Section 519 provides that the Attorney General "shall supervise all litigation to which the United States ... is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under [28 U.S.C . § 543] in the discharge of their respective duties." 28 U.S.C. § 519. *See also id.* § 516 (conduct of litigation involving the United States "is reserved to officers of the Department of Justice, under the direction of the Attorney General"); *McGrain v. Daugherty*, 273 U.S. 135, 150 (1927) ("[t]he Attorney General is the head of the department, and its

functions are all to be exercised under his supervision and direction"); Justice Manual § 9-2.001 (the United States Attorney's authority over federal criminal matters "is exercised under the supervision and direction of the Attorney General and his/her delegates"). And again, those supervisory powers are among those that the Attorney General can delegate to any DOJ officer or employee. 28 U.S.C. § 510.

This statutory framework makes clear that the Attorney General has authority to prosecute the Girauds for their crimes. It also makes clear that the Attorney General has the power to delegate that authority to others, including Special Attorneys (like Ms. Habba) and Assistant U.S. Attorneys. *See id.* §§ 510, 515, 518, 542. That is precisely what the Attorney General did here. *See* DE108 at 24–25.[1] In particular, Ms. Habba can do ***anything*** the United States Attorney can do because she was expressly "authorized to conduct in the District of New Jersey[] any kind of legal proceedings ... which United States Attorneys are authorized to conduct." DE108-5 (Exhibit E). That includes supervising AUSAs, especially since she was also expressly designated First Assistant U.S. Attorney. DE108-7 (Exhibit G). This chain of authority in no way depends on whether Ms. Habba may ***also*** wield the title of Acting United States Attorney and thus directly exercise the authorities of that office without any delegation from the Attorney General.

Simply put, the work of a U.S. Attorney's Office can be performed even if there is ***no*** United States Attorney—confirmed, interim, acting, or otherwise. Because the

---

[1] "DE" refers by number to a docket entry in this case. Citations to pages of that docket entry, *e.g.*, DE1 at 3–4, use the pagination in the entry's header.

United States Attorney's powers are all also vested in the Attorney General, and because the Attorney General can delegate those powers to other attorneys in a U.S. Attorney's Office, subject to her ultimate supervision, a First Assistant U.S. Attorney who has been delegated those powers can run the Office whether or not she or anyone else has the title of Acting United States Attorney.

In similar contexts, numerous courts, including the Third Circuit, have recognized that a federal prosecutor's authority does not depend on the validity of a superior officer's appointment. The First Circuit has determined that an Assistant U.S. Attorney's "ability to act does not hinge on the authority of the local United States Attorney, but derives from the Attorney General's plenary power over litigation to which the United States is a party, *see* [28 U.S.C.] § 516." *United States v. Hilario,* 218 F.3d 19, 22 (1st Cir. 2000); *see also United States v. Baldwin*, 541 F. Supp. 2d 1184, 1196 (D.N.M. 2008). The Ninth and Eleventh Circuits have similarly recognized that an invalidly appointed United States Attorney does not mean that the government lacked the power to prosecute the defendant. *See United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999) ("An infirmity in the United States Attorney's appointment would not generally affect the jurisdiction of this court so long as a proper representative of the government participated in the action."), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008); *United States v. Suescun,* 237 F.3d 1284, 1287 (11th Cir. 2001) ("An appointment of a United States Attorney that is not made as provided by the Appointments Clause

does not affect the Government's power to prosecute."); *see also, e.g.*, *United States v. Ruiz Rijo*, 87 F. Supp. 2d 69, 71 n.2 (D.P.R. 2000).

On the flip side, because both the Attorney General and the United States Attorney are vested with the authority to prosecute crimes, numerous courts have held that the invalid appointment of the Attorney General would not invalidate prosecutions by a United States Attorney's Office. In response to a challenge to the appointment of former Acting Attorney General Matthew Whitaker, for example, a Third Circuit panel joined "[m]any courts" in holding "that the legality of Whitaker's appointment as Acting Attorney General does not affect the validity of criminal prosecutions or sentences," explaining that the U.S. Attorney "was independently empowered by statute to prosecute cases." *United States v. Brooks*, 841 Fed. Appx. 346, 349 (3d Cir. 2020) (non-precedential); *see also United States v. Castillo*, 772 Fed. Appx. 11, 14 (3d Cir. 2019) (same). In rejecting a similar challenge, the Fourth Circuit explained that there is "no authority" for the "root-to-branch theory that as long as Whitaker's tenure as Acting Attorney General was unlawful, then the integrity of [the defendant's] federal prosecution in the Western District of North Carolina was *necessarily* marred." *United States v. Smith*, 962 F.3d 755, 766 (4th Cir. 2020). So too here. The Girauds have provided no support for their sweeping theory that the validity of Ms. Habba's service as Acting United States Attorney paralyzes the entire United States Attorney's Office for the District of New Jersey and prohibits her from exercising authority as Special Attorney and First Assistant U.S. Attorney that the Attorney General directly delegated to her.

### B. The Girauds' reply arguments lack merit.

In reply, the Girauds argue that because Ms. Habba has no legal authority, her involvement in their prosecutions constitutes structural error. That argument assumes that Ms. Habba cannot exercise authority delegated directly to her by the Attorney General in her capacity as Special Attorney and First Assistant U.S. Attorney. The Girauds provide no basis for that assumption, and it is wrong. As explained, the two sources of authority are separate. DE108 at 23-27; *supra* at 2–5.

The Girauds acknowledge that the Attorney General can delegate prosecutorial authority to Assistant U.S. Attorneys, but they appear to argue that those delegations are invalid here because the delegation statutes "presuppose[] a constitutionally valid supervisory framework." DE113 at 5. But there *is* a constitutionally valid supervisory framework here: the First Assistant U.S. Attorney is supervising Assistant U.S. Attorneys; both she and they are in turn supervised by the Attorney General, the Deputy Attorney General, and others. There is nothing in any statutory or constitutional provision that requires supervision "by a United States Attorney." At bottom, the Girauds appear to be merely complaining about the USAO-NJ's use of the title "Acting United States Attorney" in the signature block of filings. DE113 at 5. But they do not, and cannot, demonstrate that the use of that title, rather than First Assistant U.S. Attorney, somehow prejudices them.[2]

---

[2] The Girauds' repeated reliance on *United States v. Trump*, 740 F. Supp. 3d 1245 (S.D. Fla. 2024), is misplaced. The district court in that case determined that the Attorney General lacked statutory authority to create a new office, independent of the United States Attorney, and vest it with "exceedingly broad" investigative and prosecutorial powers with "virtually no mechanism for supervision or control by the Attorney General." *Id.* at 1296; *see id.* at 1296–99 (discussing limitations on control

– 7 –

The Girauds also rely on the statement in *National Labor Relations Board v. SW General, Inc.*, 580 U.S. 288, 304 (2018), that 5 U.S.C. § 3345(b)(1) "prohibits any person who has been nominated to fill any vacant office from performing that office's duties in an acting capacity." DE113 at 7–8. The Supreme Court was merely explaining that someone who cannot serve as an acting officer under the FVRA cannot perform the duties of that office ***in an acting capacity***. The Court did not state—much less hold—that the individual cannot perform those duties ***in a different capacity***. As explained, even if Ms. Habba could not prosecute the Girauds in her capacity as Acting United States Attorney, she could do so as the First Assistant delegated that authority.

This does not render the FVRA a nullity. The FVRA and the Attorney General's statutory authority to delegate functions are simply two distinct sources of authority with distinct limits. As relevant here, the FVRA enables an individual to wield the powers of an office without needing any delegation from an agency head, subject to the FVRA's time and personnel limits. *See* 5 U.S.C. §§ 3345, 3346. If an agency instead chooses to delegate to others the powers of a vacant office, it does not need to comply with the FVRA but must comply with any statutory limits on the delegation.

Routinely, when the FVRA time-limit expires, a first assistant continues to carry on the functions of the vacant office pursuant to delegated authority, without

---

and removal of special counsel). Nothing like that occurred here. The office of United States Attorney, and the position of First Assistant U.S. Attorney to which Ms. Habba was lawfully designated, are well established and subject to the plenary authority and control of the Attorney General.

the title of "Acting" official. For example, throughout the previous Administration, the Civil Division of the Department of Justice was led by an individual who served as "Acting Assistant Attorney General" for the time permitted by the FVRA, *see, e.g.*, Brief for Respondent, 2021 WL 2021 WL 1154026, and then—once that period expired—continued exercising the delegable duties of that office as the Principal Deputy Assistant Attorney General, *see, e.g.*, Response Brief, 2024 WL 4262497. So long as an office's work is delegable, it can continue pursuant to a delegation when there is no "Acting" official in place. The FVRA itself makes this clear: its remedies for non-compliance apply only to **non-delegable duties**. *See* 5 U.S.C. § 3348; *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328, 1336 (Fed. Cir. 2022).

### C. No reason exists to consider the merits question in this case.

The U.S. Attorney's Office, and Ms. Habba in particular, have ample authority to prosecute the defendants for their crimes, whether or not Ms. Habba is serving as Acting United States Attorney. Accordingly, no reason exists for this Court to determine in this case whether Ms. Habba can serve in that position in addition to her other positions as First Assistant U.S. Attorney and Special Attorney. Instead, the appropriate course is to deny the Girauds' motion and return this case to Chief Judge Chagares with a request that he reassign it to Judge Kiel. We respectfully ask the Court to do so quickly: As the Court is aware, other cases in the same posture as this one are currently on hold in the District of New Jersey, awaiting this Court's decision. *See, e.g.*, Text Order (Dkt. 167), *United States v. Lazarre et al.*, No. 2:23-cr-356 (July 30, 2025) (continuing trial and holding bank fraud and aggravated identity theft case in abeyance "pending the status of the proceedings" in this case). To be

clear, Ms. Habba is the lawful Acting United States Attorney for the District of New Jersey, and we will continue to vigorously defend her service in that role. We simply ask that, to avoid further unnecessary delay in this and other cases, the Court expeditiously deny the Girauds' motion on the alternative grounds set forth above and return this case to Judge Kiel for trial.

## CONCLUSION

For all these reasons, this Court should deny the pending motion and request that Chief Judge Chagares reassign this case back to Judge Kiel.

           Respectfully submitted,

           PAMELA J. BONDI
           U.S. Attorney General

           CHAD MIZELLE
           Chief of Staff
           Office of the Attorney General

           ROBERT A. PARKER
           Criminal Division

           ALINA HABBA
           Acting United States Attorney

By:   Mark E. Coyne
      Assistant U.S. Attorney
      Chief, Appeals Division
      (973) 297-2002

Date: July 30, 2025

## CERTIFICATION OF SERVICE

      I hereby certify that on July 30, 2025, I caused a copy of this response and its attachments to be served by the notice of electronic filing generated by this Court's electronic case filing system upon all counsel of record in this case.

                                                Mark E. Coyne
                                                Assistant U.S. Attorney
                                                Chief, Appeals Division

Dated: July 30, 2025