LAWYERS FOR THE RULE OF LAW
5 Columbus Circle, Suite 1501
New York, New York 10019
212-582-6500

August 13, 2025

Hon. Matthew W. Brann, Chief United States District Judge
United States District Court for the District of New Jersey (by designation)
Mitchell H. Cohen Building & Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

                              Re:    *United States v. Julien Giraud Jr.*
                                        1:24-cr-00768

Dear Chief Judge Brann:

      Lawyers for the Rule of Law ("LFRL") respectfully requests this Court to grant us leave to submit a brief as amicus curie in this matter. In support of this motion, we state as follows:

      1.    LFRL is a 501(c)(3) not-for-profit organization comprised of over 165 volunteer lawyers whose mission is to support United States institutions according to the Constitution, and democratic and ethical principles, to protect the civil, criminal and Constitutional rights of individuals in the United States, and to offer public education and guidance that helps individuals understand and exercise those rights. Our members include attorneys licensed to practice law in both New York and New Jersey and practice in State and Federal Courts, including the District of New Jersey. Our members also include law professors, retired judges, and a former prosecutor in the Criminal Division at the United States Attorney's Office for the District of New Jersey ("USAO-NJ"). Our members and their current and future clients will be directly affected by this Court's ruling.

      2.    Members of LFRL represent individuals, other than the defendant movant, with matters pending with the USAO-NJ. LFRL has an interest in ensuring that any remedy ordered in this matter adequately addresses the statutory and constitutional violations which affect persons in addition to Mr. Giraud. Accordingly, it is respectfully submitted that LFRL amicus participation will assist this Court in determining the proper remedy, in the event that this Court determines that the Standing Order issued by the Judges of the United States District Court, District of New Jersey, appointing Ms. Desiree Grace as the Interim United States Attorney for the District of New Jersey[1] was lawfully entered and enforceable.

---

[1] See In re. Appointment of United States Attorney for the District of New Jersey, Standing Order 2025-03 (D.N.J. July 22, 2025), cited in, ECF 111 at 5 & n. 15.

1

3. LFRL's participation would not duplicate the parties' arguments. LFRL shall rely upon the substantive arguments advanced by the defendant movant, the Office of the Federal Defender as an interested party, and the Association of Criminal Defense Lawyers of New Jersey ("ACDL-NJ") as amicus. LFRL seeks to participate only on the remedy issue.

4. Based upon the foregoing, it is respectfully submitted that LFRL has an "adequate interest" in this case and that our proposed participation is both "desirable" and "relevant to the disposition of the case." See Neonatology Assoc., Pa, v. C.I.R., 293 F.3d 128, 131 (3d Cir 2002), (Alito, J.) citing, Fed. R. App. P. 29(a).

5. In the event that this Court grants our application for leave to accept this filing as an amicus, LFRL submits that any appropriate remedy should be "coextensive with the constitutional violation". See ECF/Op at 14 citing US v Morrison, 449 US at 364, 365 n. 2. The proper remedy for an Appointments Clause violation is invalidation of the ultra vires action. See ECF 111 at 16, citing, US v. Trump, 740 F. Supp. 3d 1245, 1302 (S.D. Fla. 2024). Accord Collins v. Yellin, 594 US 220, 258 (2021). Since the defendant movant and other amici have established that constitutional violation, it is respectfully submitted that the appropriate remedy should include ordering what 546(d) requires – a declaration that Ms. Grace was and is the properly appointed US Attorney and that Ms. Habba is not the properly appointed US Attorney.[2]

6. The ACDL-NJ expressly seeks the latter declaration, relating to Ms. Habba, but does not address the former, relating to Ms. Grace. (ADCL-NJ Amicus Br. at 2, see also ECDF 112 at 3, citing, N.L.R.B. v. SW General, 580 U.S. 220, 304 (2017) (ineligibility bears directly upon remedy. Also, while correctly focusing upon the invalidity of Ms. Habba's appointment, the defendant movant seeks only narrow injunctive relief, e.g., barring Ms. Habba from participating in the prosecution of his case. (See ECF 121 at 2, 25) which would leave the LFLR members' clients fully unprotected. In view of the Government's wrongful assertion of virtually unlimited Executive appointment authority (see ECF 108 at 10), it is reasonable to predict that it will narrowly interpret any judicial order that it perceives as encroaching upon that Executive authority.[3] Accordingly, it is respectfully submitted that the breadth of authority conferred upon Ms. Grace, or any other person appointed in conformity with 28 U.S.C. 546(d), should be clearly articulated in this Court's order.

7. That authority is set forth in 28 U.S.C. 547 and is further described in section 3-1.130 and 9-2.001 of the United States Justice Manual. Indeed, the Government relied upon section 547 to describe the scope of a contrary ruling, namely the scope of Ms. Habba's authority

---

[2] It must be noted that it was the Attorney General who fired Ms. Grace, and while 28 USC 541 (c) specifically says that "Each United States attorney is subject to removal by the President" there is no indication that the Attorney General has ever had or legitimately exercised that authority.

[3] See Judges Openly Doubt Government as Justice Dept. Misleads and Dodges Orders , N.Y. Times (August 4, 2025) https://tinyurl.com/rvbbv2c7

*if* she was lawfully appointed as the United States Attorney for New Jersey. (See Doc 108-5 & 108-6, (appointment letters) cited in ECF 111 at 6 & n. 25). As applied to Ms. Grace, who *was* lawfully appointed by the District Court, an appropriate order could read that: "Ms. Grace is authorized to conduct, in the District of New Jersey, any kind of legal proceedings, civil or criminal, including Grand Jury proceedings and proceedings before United States District Court Judges and Magistrates, which United States Attorneys are authorized to conduct." [See 28 U.S.C. 547]. By way of illustration but not limitation, the scope of Ms. Grace's authority could be further clarified by specifically listing those enumerated in 3-1.130 and 9.2.001of the US Justice Manual and those incident to the proper performance of those responsibilities. A corresponding prohibition, specifying that "Ms. Habba does not have any of the authority otherwise conferred upon Ms. Grace in this Order," would further clarify the scope of an appropriate remedy.

      For these reasons, we respectfully request that the Court (1) permit LFRL to participate as amicus curiae and (2) provide a remedy coextensive with the violations arising from Ms. Habba's installation to serve as the Acting United States Attorney for the District of New Jersey.

      Respectfully submitted,

/s/ Dan Arshack
Dan Arshack
President
LAWYERS FOR THE RULE OF LAW
5 Columbus Circle, Suite 1501
New York, New York 10019

3